UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00088-RGK-PD                                    Date: April 19, 2024

Title     *Alfred McZeal Jr. v. City of Tustin, et al.*

Present: The Honorable:     Patricia Donahue, U.S. Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     (In Chambers) Order to Show Cause Why the Complaint Should Not be Dismissed

### I.     Procedural History and Summary of Factual Allegations

Plaintiff Alfred McZeal Jr., proceeding pro se, filed a complaint on January 16, 2024, pursuant to 42 U.S.C. § 1983 ("the Complaint"). [Dkt. No. 1.] The Complaint names the City of Tustin, Brad Steen, Nicholas A. Hutchins, WoodRuff & Smart, APC, Jason M. McEwen, Andrew Kilburn, Paige Kilburn, CVSBA, Matt Regan, Jane Doe (Police Officer 1); Mary Doe (Police Officer 2), and John Doe (Police Officer 3) as defendants (collectively, "Defendants"). [Id.] The Complaint alleges 13 claims, including various crimes under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, violations of Plaintiffs' civil rights, slander of title, quiet title, *inter alia*. [Id.] Plaintiff seeks $13,500,000.00 in damages. [Id.]

### II.     Legal Standard

The Court is required to screen *pro se* complaints and dismiss claims that, amount other things, are frivolous, malicious, or fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  Even when a plaintiff is not proceeding *in forma pauperis*, Federal Rule of Civil Procedure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00088-RGK-PD                                            Date: April 19, 2024

Title       *Alfred McZeal Jr. v. City of Tustin, et al.*

12(b)(6) permits a court to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief." *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

In determining whether the Complaint should be dismissed at screening, the Court applies the same standard as applied in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).  Under that standard, "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This does not require "detailed factual allegations," but it does require "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*  The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Because Plaintiffs are proceeding *pro se*, the Court construes the Complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

**III.       Discussion**

   **A.       Failure to Comply with Rule 8**

The Complaint "centers around egregious violations of [Plaintiff's] civil rights and a complex web of fraudulent activities."  [Dkt. No. 1 at 6.]  Plaintiff alleges that on October 11, 2023, City of Tustin police officers entered his home without a warrant.  [Id.]  As a result, Plaintiff states that his Fourth Amendment rights were violated.  [Id.]  Plaintiff further alleges that on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00088-RGK-PD                              Date: April 19, 2024

Title       *Alfred McZeal Jr. v. City of Tustin, et al.*


December 13, 2023, the City of Tustin and others filed a fraudulent criminal complaint against Plaintiff "to obscure a significant mortgage foreclosure scandal involving forged documents estimated at $4 million." [Id.]  Plaintiff alleges that this is part of a broader conspiracy to perpetrate an illegal eviction and to cover up "extensive police and financial corruption related to [Plaintiff's] property." [Id.]  Plaintiff alleges that Defendants' conduct is thus a clear violation of the RICO act. [Id. at 7.]

Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  As currently pled, there are insufficient facts to support any of Plaintiff's claims and it requires unreasonable inferences that the Court does not have to accept as true.  *Sprewell*, 266 F.3d at 988.

For example, the Complaint names 12 Defendants, but only contains allegations concerning the City of Tustin and the Doe police officers.  Moreover, while Plaintiff asserts his Fourth Amendment rights were violated when the Doe police officers conducted a warrantless search of his house, Plaintiff provides no further factual details other than the date he alleges the search occurred.  Similarly, Plaintiff alleges that a criminal action filed against him is part of a broader conspiracy, but does not explain the conspiracy or his separate criminal case in any further depth.

Thus, overall, the Complaint is devoid of concrete factual details and consists of nothing "more than an unadorned, the defendant-unlawfully-harmed-me accusation[s]" that fail to support a civil RICO claim or any of the other 12 claims listed in the Complaint.  *Ashcroft*, 556 U.S. at 678.  As such, the Complaint fails to state any claim for relief that is plausible on its face.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00088-RGK-PD                                    Date: April 19, 2024

Title      _Alfred McZeal Jr. v. City of Tustin, et al._

For these reasons, the Complaint is subject to dismissal.

## IV.    Order

Plaintiff is **ORDERED TO SHOW CAUSE** why the Court should not recommend that the Complaint be dismissed for failure to state actionable claims.  *See* 28 U.S.C. § 1915(e)(2)(B).

To discharge and satisfy this order, Plaintiff can either:

(1)    File a first amended complaint, which would entirely supersede the Complaint, if he can cure the factual and legal deficiencies outlined in this Order.  Plaintiff is advised that a first amended complaint would entirely replace the Complaint in this action.  Further, any amended complaint must:

(a) be labeled "First Amended Complaint";
(b) be complete in and of itself and not refer in any manner to prior complaints, i.e., it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2;
 (c) contain a "short plain" statement of the claim(s) for relief, *see* Fed. R. Civ. P. 8(a);
(d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1);
(e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b);
(f) set forth clearly the sequence of events (including specific relevant dates) which allegedly gives rise to the claim(s) for relief,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00088-RGK-PD                                    Date: April 19, 2024

Title      *Alfred McZeal Jr. v. City of Tustin, et al.*

> including what each defendant did and how each specific defendant's conduct injured each specific plaintiff; and
> (g) not add defendants or claims without leave of court.

or

(2)     Voluntarily dismiss the action—without prejudice to refiling later if justified—using the attached form CV-09.

Plaintiff must do ones of these things by no later than **May 20, 2024**. If, given the contents of this Order, Plaintiff elects not to proceed in this action, he may expedite matters by signing and returning the **attached Notice of Dismissal by May 20, 2024,** which will result in the voluntary dismissal of this action without prejudice.

**Plaintiff is cautioned that, absent further order of the Court, his failure to timely file a first amended complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

**Finally, the Clerk is directed to provide a Central District of California Civil Rights Complaint Form, CV-66, to Plaintiff to facilitate his filing of an amended complaint if he elects to proceed in that fashion.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00088-RGK-PD                                     Date: April 19, 2024

Title      *Alfred McZeal Jr. v. City of Tustin, et al.*

**Attachments**:
--Notice of Voluntary Dismissal (CV-09)
--Civil Rights Complaint Form (CV-66)

                                                                                                                              :
                                                                                                                              iv